UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDREW J. SMITH : | |
| : | |
| v. : | C.A. No. 18-370-WES |
| : | |
| STATE OF RI FAMILY : | |
| COURT and STATE OF RI : | |
| SUPREME COURT : | |

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On July 6, 2018, Plaintiff Andrew J. Smith, a state inmate, filed this pro se Complaint against the Rhode Island Family Court and Supreme Court. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

1

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521

(1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff is currently serving a state sentence for possession of child pornography. He has also been a party to a lengthy and contentious state court divorce proceeding. On June 19, 2018, the Rhode Island Family Court issued a final decision in Plaintiff's divorce proceedings granting a divorce and making certain decisions regarding the disposition of marital assets and other financial obligations.

Within the past several months, Plaintiff has filed a total of seven civil actions in this Court. See 17-480JJM, 17-525JJM, 18-13JJM, 18-20WES, 18-27JJM, 18-92JJM and 18-370WES. Five of those cases have been dismissed, one is subject to a pending motion to dismiss and I am recommending that this case be dismissed as well. All of these lawsuits relate either to Plaintiff's state criminal proceedings or his state family court proceedings.

In the instant case, Plaintiff alleges that the Rhode Island Family and Supreme Courts violated his state and federal constitutional rights by denying him a jury trial in his divorce proceedings. He seeks an Order of this Court enjoining the Family Court's June 19, 2018 Order of Divorce and "to be afforded a civil by jury trial, preferably by this Honorable United States District Court or by the R.I. Superior Civil Court." (ECF Doc. No. 1 at pp. 4 and 10-11).

Plaintiff's claims in this case mirror some of the claims made in a prior case filed in this Court related to his state court divorce proceedings. See Smith v. Smith, Case 1:18-cv-00092JJM. In Smith v. Smith, this Court dismissed Plaintiff's Complaint pursuant to the domestic relations exception to federal subject matter jurisdiction because he was seeking to relitigate his divorce proceedings in this Court. See ECF Doc. No. 3 in Case 1:18-cv-00092-JJM. The Court also dismissed Plaintiff's Seventh Amendment claim because of the absence of

any constitutional right to a jury trial in divorce proceedings. Id. at p. 6. Finally, the Court concluded that Plaintiff's Complaint was a "frivolous" and improper attempt to interfere with ongoing state court proceedings and that the Younger[1] abstention doctrine required dismissal. Id. at p. 7. All of these reasons also dictate the dismissal of this case.

Moreover, even if the state divorce proceedings have now concluded, Plaintiff's Complaint is an improper attempt to have this Court review and overturn rulings made by the Rhode Island Family Court and Rhode Island Supreme Court. Such an attempt is barred in federal court by the Rooker-Feldman abstention doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); and Edwards v. Ill. Bd. of Admissions, 261 F.3d 723, 728 (7th Cir. 2001) ("federal courts do not have subject matter jurisdiction to review state court civil decisions. Plaintiff must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari.")

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United

---

[1] Younger v. Harris, 401 U.S. 37 (1971)

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 12, 2018